1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT**
6               **FOR THE DISTRICT OF ARIZONA**
7  **UNITED STATES OF AMERICA,**        )
                                         )    **CR 06-01703-36-TUC-JMR [CRP]**
8               **Plaintiff,**           )
                                         )
9  **vs.**                               )
                                         )    **REPORT AND RECOMMENDATION**
10 **SYLVIA FLORES,**                    )
                                         )
11              **Defendant.**           )
   _____  )
12

13          A Petition To Revoke Supervised Release was filed by the Probation Department

14 setting forth four allegations of violations of the conditions of supervised release imposed

15 by this Court when the Defendant was sentenced on December 8, 2008, to time served and

16 three years supervised release after being adjudicated guilty of conspiracy to transport and

17 harbor illegal aliens for profit and money laundering. An evidentiary hearing was held on

18 October 26, 2009, at which Probation Officer Nancy D. Chaparro testified and the Defendant

19 testified. As discussed below, the Court recommends that the Court make a finding that the

20 Defendant is in violation of her conditions of supervised release and set the matter for

21 disposition hearing.

22          **ALLEGATION A —** In violation of standard condition number 4 — Requirement to

23 follow the instruction of probation officer. Allegation A has three sub-parts. Allegation 1

24 is that the Defendant failed to provide a urine sample when requested during a home visit on

25 June 23, 2009. Allegation 2 alleges that the Defendant failed to supply a urine sample as

26 requested by the probation officer during an office visit on July 9, 2009. Allegation 3 alleges

27 that the Defendant failed to provide proof of medical clearance from infectious diseases as

28 requested on January 14, February 25, March 4, April 1, and July 9, 2009.

In the pretrial sentence investigation process, Defendant self-reported a history of two highly infectious diseases. As a result, the probation officer required that the Defendant provide her with a "medical clearance" concerning those infectious diseases. It also appears that the drug testing and treatment provider, SEAHBS, also required the infectious disease clearance before providing services.

Defendant was on pretrial supervision for approximately two years prior to sentencing. In September 2008, a few months prior to sentencing, she had a positive urinalysis for methamphetamine. Four subsequent urinalysis at SEABHS were negative. As a result of the positive urinalysis in September, the urinalysis and treatment requirement was part of her supervised conditions of release. Because the certification that Defendant was free of infectious diseases was not submitted, Defendant was not submitting urinalysis samples at SEABHS. As a result, when Officer Chaparro did a random, unannounced home visit on June 23, 2009, she requested a urine sample. According to the testimony of the Defendant, when Officer Chaparro arrived at the home, the family was gathered and getting ready to attend a funeral of a close family member. The Defendant refused to provide the sample at the house. For reasons that are difficult to understand, she apparently was willing to go to a fire station or a gas station to provide the sample. In any event, no sample was provided that day. Ultimately, the Defendant was requested to come in for an office visit on July 9, 2009. Defendant did make the office visit and was requested when she arrived to submit a urine sample. She stated that she was unable to do so. The officer and the Defendant met for approximately one hour going over among other things a Written Reprimand/Notice of Action which Ms. Flores signed that day. At the end of the conference, Officer Chaparro again asked for a urine sample. Defendant again maintained that she was unable to provide the urine sample. Defendant testified that she remained ready to submit a sample but that Officer Chaparro grabbed the urine cup out of her hand and indicated that it was too late, that she had other clients to see.

Officer Chaparro testified that on numerous occasions, she requested the "medical clearance." It also was referred to in the written reprimand "Exhibit 2." Ultimately, the

Defendant supplied to Ms. Chaparro lab results for a culture taken on March 23, 2009, and a blood test from July 22, 2009. These tests were negative for the infectious diseases of concern. Exhibits A1 and A2. Apparently, the Probation Office still considered this insufficient and required a doctor's certification. Defendant testified that she went under a complete physical examination in July 2009 to attempt to comply with this requirement.

As to Allegation A1, the Court finds that the Defendant was not wilfully in violation because of the extraordinary circumstances involving the impending funeral as a reasonable basis for refusing the request. As to Allegation A3, the Court finds that the Defendant was in violation of providing the medical clearance in a timely fashion, but notes that the information needed by Probation and SEABHS was provided to Probation long before the petition in this action was filed. Therefore, the Court finds the Defendant is not in violation on Allegation A3. In Allegation A2, the Court finds the Defendant was in violation of following the probation officer's instructions to submit a urine sample. It would appear that after a one hour drive and a one hour interview, there is no reasonable explanation for the inability to provide a urine sample at that time. Particularly in light of the Defendant's past drug issues and the previous failure to submit a urine sample on June 23, 2009, this was clearly a refusal to comply with the officer's instructions. Therefore, as to Allegation A2, this Court recommends that the Court find the Defendant to be in violation of her supervised release conditions.

**ALLEGATION B —** In violation of standard condition number 6. You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. It is undisputed that the Defendant never had employment during the term of her supervision. It is also undisputed that the Defendant has severe responsibilities in terms of caring for an elderly mother and a two year old child with special needs. In addition, she provides support for three other family members. In addition to these reasons for failing to seek employment, the Defendant indicates that she requested to be able to move to Casa Grande where she could get family assistance in providing for her responsibilities to her mother and children and also obtain employment. Ms. Chaparro

testified that this request was denied because a request for relocation will not be approved when a defendant is not in compliance with conditions. It is inconceivable to this Court that Ms. Flores could have found employment flexible enough to accommodate her responsibilities in caring for her infirm mother and the two year old child with special needs. Therefore, it is the recommendation of this Court that the Defendant be found not to be in violation of standard condition number 6, Allegation B.

**ALLEGATION C** — In violation of standard condition number 19. You shall pay any monetary penalties as ordered by the Court. The Defendant had a $200 special assessment imposed by the Court. On December 15, 2008, the Defendant signed an agreement that she would make $25.00 monthly payments, beginning in January 2009, until the balance was paid in full. In the first nine months of the year, Defendant apparently made only five of the required nine monthly payments, leaving a balance due of $75.00. It is undisputed that the Defendant paid the final $75.00 to the Court on October 20, 2009. Defendant notes that the judgment indicates, "Any unpaid balance (of the special assessment) shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision." Since this case is not within 90 days of the expiration of supervision, Defendant argues that no violation has occurred. It is undisputed that throughout the period in issue, the Defendant was unemployed and living on government assistance programs. Because there was no showing of any willful violation or any showing that the specific order of the Court was violated, as opposed to the payment agreement, the Court recommends that the Court find that the Defendant is not in violation of Allegation C of the petition.

**ALLEGATION D** — In violation of special condition number 1. That you participate as instructed by the probation officer and substance abuse treatment program. While on pretrial release, Defendant had participated in substance abuse treatment and testing with SEABHS during most of her supervision. This requirement was carried over into her supervised release supervision. Apparently, a new intake was required. Officer Chaparro testifies that the intake was never completed and in September of 2009, a letter was sent to her indicating that the Defendant had been terminated unsuccessfully. Defendant testified

that she went to two sessions in July with one of the counselors there, Jesus. Defendant further maintains that she was never notified by SEABHS that she had been terminated from the program.

It is unclear as to what extent the problems with participation in the SEABHS Program was due to the requirement for the "medical clearance." Moreover, this is the second case this Court has received evidence on where the provider terminated services notifying the probation officer but not the client. Presumably, Probation has higher expectations for their providers.

Nonetheless, it is clear that Defendant was not consistently participating in either the testing or treatment side of the SEAHBS program. Therefore, it is the recommendation of this Court that she be found in violation of Allegation D.

In August 2007, I first inquired about a drug court or re-entry court for people on supervised release. Two and a half years later, as far as I know, no progress has been made. This case highlights the need for earlier judicial intervention to encourage compliance on technical matters before mandatory revocation becomes the only option. Probation has presented a scorecard, was defendant in compliance or not. Probation offers no insight into why compliance was not achieved. Such insight would be critical to successful supervision in the future.

Given Defendant's responsibilities, this is a highly unfortunate outcome for Defendant and those who rely on her. But it is the outcome required by Defendant's conduct, her non-compliance, and the proven allegations of the Petition.

It is the report and recommendation of this Court that Defendant Flores be found to have violated her conditions of supervised release as alleged in Allegations A(2) and D. It is recommended that the remaining allegations be dismissed.

The Status Conference presently set for JANUARY 21, 2010, AT 10:00 A.M. is **VACATED**.

Pursuant to FED.R.CRIM.P., Rule 59(b)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and

recommendations with the District Court. Any objections filed should be filed with the following case number: **CR 06-01703-36-TUC-JMR.**

DATED this 19th day of January, 2010.

_____
**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**